UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALOYSIUS J. CAPPER, III | * | CIVIL ACTION |
| | * | |
| | * | JUDGE |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE |
| CAPITAL ONE FINANCIAL CORPORATION | * | |
| CAPITAL ONE FINANCIAL CORPORATION | * | |
| ASSOCIATE SAVINGS PLAN | * | |
| FIDELITY MANAGEMENT COMPANY | * | SECTION |
| AND TRUST AND XYZ INSURANCE | * | |
| COMPANY | * | |

_____

## COMPLAINT FOR DAMAGES

_____

**NOW INTO COURT**, through undersigned counsel, comes your Plaintiff, **ALOYSIUS J. CAPPER, III**, who submits this *Complaint for Damages* for breaches by Defendants of their fiduciary and recordkeeping duties owed to Plaintiff under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA") and for breaches by Defendants of duties owed to Plaintiff under Louisiana law.

### A. PLAINTIFF IDENTIFIED

Your Plaintiff, **ALOYSIUS J. CAPPER, III**, (hereinafter sometimes referred to as "Mr. Capper" and/or "Plaintiff") is a person of the full age of majority domiciled in the State of Louisiana and a resident of Denham Springs, Louisiana.  Mr. Capper's date of birth is June 10, 1955.

### B.  DEFENDANTS IDENTIFIED

Your Plaintiff shows that the entities listed below are made defendants herein and are liable unto Plaintiff, jointly and severally, for a sum which is reasonable in the premises, with

pre-judgment legal interest thereon from the date of judicial demand, until paid, along with all

costs of these proceedings, for the factual and legal reasons set forth below

A) **Capital One Financial Corporation**, a Virginia corporation as well as the Plan Administrator and Sponsor of the Capital One Financial Corporation Associate Savings Plan.  Capital One Financial Corporation is incorporated in Delaware and has a principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102. Capital One Financial Corporation can be served through any officer or director of the corporation and under 29 U.S.C. §1132(e)(2).

B) **Capital One Financial Corporation Associate Savings Plan**, an employee benefit plan governed under the laws of the Employee Retirement Income Savings Act, with a principal place of business located at 2890 Fairview Park Drive, Falls Church, Virginia 22042, who may be served through its registered agent for service of process, John Finneran, Jr., Capital One Financial Corporation, 1680 Capital One Drive, McLean, Virginia 22102 and under 29 U.S.C. §1132(e)(2).

C) **Fidelity Management Trust Company**, a Massachusetts company, with its principal place of business located at 245 Summer Street, Boston, Massachusetts 02210, who may be served through its registered agent for service of process, CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02210 and under 29 U.S.C. §1132(e)(2).  Fidelity Management Trust Company is the third-party administrator of the Capital One Financial Corporation Associate Savings Plan and the holder of Capital One Financial Corporation Associate Savings Plan assets.

D) **XYZ Insurance Company**, or in the alternative, an affiliate thereof, a currently unidentified insurance company presumably providing insurance coverage to Defendants for the injuries and damages outlined hereinbelow, whose identity shall be obtained once formal discovery has commenced.

## C.  JURISDICTION AND VENUE

### C-1

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)

and (f).

### C-2

Venue is proper in this Court under 28 U.S.C. §1332(f), as the ERISA-governed Plan at

issue is administered in this district, Defendants' breaches took place in this district, and the

Defendants reside or may be found in this district.  Venue is furthermore made proper under 28

U.S.C. §1391(d).

C-3

This Court has personal jurisdiction over the Defendants under the doctrines of specific

and general jurisdiction.

C-4

This Court has supplemental jurisdiction over Plaintiff's Louisiana law claims under 28

U.S.C. §1367(a), as all asserted federal and state law claims are related such that they form the

same case or controversy under Article III of the United States Constitution.

**D.  BACKGROUND FACTS**

D-1

From 1993 to 2000, your Plaintiff, **ALOYSIUS J. CAPPER, III**, was employed as a

compliance representative and commercial loan underwriter with PNC Financial Services Group,

Inc. in the cities of Horsham, Pennsylvania and later Philadelphia, Pennsylvania.

D-2

While employed with PNC Financial Services Group, Inc., Mr. Capper was a participant

in the PNC Financial Services Group, Inc. Pension Plan and acquired $9,318.67 in Plan benefits.

D-3

In or around October 2000, after terminating his employment with PNC Financial Services

Group, Inc., Mr. Capper became employed with Hibernia Corporation in New Orleans, Louisiana.

At Hibernia Corporation, Mr. Capper held the position of commercial loan underwriter at Hibernia

bank in New Orleans, Louisiana.

D-4

While employed with Hibernia Corporation, Mr. Capper was a participant in the Hibernia Corporation retirement Security Plan (hereinafter sometimes referred to as the "Plan").  Made issue herein, Mr. Capper requested a rollover distribution of $6,057.14 in plan benefits from his PNC Financial Services Group, Inc. Pension Plan to his Hibernia Corporation Retirement Security Plan. On November 9, 2000, a Ms. Pamela Marinaro, acting as Retirement Coordinator for the Hibernia Corporation Retirement Security Plan, certified by her signature that the Hibernia Corporation Retirement Security Plan would accept the rollover distribution.

D-5

Upon the best of his recollection, during his employment with Hibernia Corporation, Mr. Capper elected that his $6,057.14 in pension benefits be invested in Hibernia Corporation Class A Common stock.  He made this election through written form submitted to the Hibernia Corporation Retirement Security Plan.

D-6

In or around April 2001, Mr. Capper's employment with Hibernia Corporation was terminated.

D-7

In or around November 2005, Capital One Financial Corporation completed its acquisition of Hibernia Corporation.  As a result of this acquisition, the Hibernia Corporation Retirement Security Plan merged into the Capital One Financial Corporation Associate Savings Plan effective January 1, 2008 (because the Capital One Financial Corporation Associate Savings Plan merged with the Hibernia Corporation Retirement Security Plan, the general phrase "the Plan" refers to both herein).

D-8

Both the Hibernia Corporation Retirement Security Plan and now the Capital One Financial

Corporation Associate Savings Plan are employee benefit plans governed by 29 U.S.C. §1001, *et*

*seq*., otherwise known as the "Employee Retirement Income Security Act" or "ERISA."

D-9

After submitting a request to Capital One Financial Corporation for Plan documents

applicable to Mr. Capper's period of employment, Capital One Financial Corporation responded

with a Hibernia Corporation Retirement Security Plan document (attached as Exhibit "A"), a

Capital One Financial Corporation Associate Savings Plan document (attached as Exhibit "B"),

and a Summary Plan Description of Capital One Financial Corporation's Associate Savings Plan

(attached as Exhibit "C").

D-10

In or around November 2017, Mr. Capper, through prior legal counsel, made inquiries as

to his Plan benefits to Maya Glaser, the Director of and Assistant General Counsel for Benefits &

Leave Management at Capital One Financial Corporation.

D-11

On March 12, 2018, Ms. Glaser wrote back to Howard Elliott, Mr. Capper's attorney at the

time, stating that "[n]one of the nearly five years of records covering the period between time of

Mr. Capper's purported roll-over and Capital One's acquisition of Hibernia reflect that Mr. Capper

ever had an account at Hibernia [Retirement Savings Plan]."  Ms. Glaser further asked that Mr.

Capper provide additional documentation showing that Mr. Capper was a participant of the

Hibernia Corporation Retirement Savings Plan.  Accordingly, Capital One Financial Corporation

refused to distribute any funds to Mr. Capper.

D-12

On December 3, 2018, Mr. Capper, through new counsel, wrote to Ms. Glaser again. Through this December 3, 2018 correspondence, Mr. Capper provided Ms. Glaser with a Direct Rollover Authorization-Pension document, evidencing Mr. Capper's election to make the $6,057.14 rollover distribution from his PNC Financial Services Group, Inc. Pension Plan to his Hibernia Corporation Retirement Security Plan.  This Direct Rollover Authorization-Pension document is attached hereto as Exhibit "D."  Furthermore, this document bore Ms. Pamela Marinaro's signature, explicitly authorizing the receipt of the rollover distribution on Hibernia Corporation's behalf.  Furthermore, Mr. Capper provided Ms. Glaser with a screenshot of the depositing of check numbered 10439357 in the amount of $6,057.14 into Mr. Capper's Hibernia Corporation Retirement Security Plan, account number 11173011.  The screenshot further showed that the check cleared on January 12, 2001.  This screenshot is attached hereto as Exhibit "E."

D-13

Despite being provided with the documentary evidence referred to above in Paragraph D-12, Defendants have maintained that there is no record of Mr. Capper's participation in the Hibernia Corporation Retirement Security Plan and/or the Capital One Financial Corporation Associate Savings Plan and, therefore, have refused to distribute to Mr. Capper any funds or investment earnings owed to him through his Plan.

D-14

Upon information and belief, Mr. Capper was eligible, under his Capital One Financial Corporation Associate Savings Plan, to withdraw some or all of any rollover contributions made to the Plan plus investment earnings at any time subject to tax and other penalties if he was younger than age 59 1/2.

D-15

Through communications to Mr. Capper and his counsel, Capital One Financial Corporation and Capital One Financial Corporation Associate Saving Plan have consistently stated that their searches have revealed no documents indicating that Mr. Capper was a participant in the Hibernia Corporation Retirement Savings Plan or the Capital One Financial Corporation Associate Savings Plan.  The Defendants, however, do not refute that Mr. Capper completed his $6,057.14 rollover distribution from his PNC Financial Services Group, Inc. Pension Plan to his Hibernia Corporation Retirement Savings Plan.  Defendants also do not refute that the Hibernia Corporation Retirement Savings Plan merged with the Capital One Financial Corporation Associate Savings Plan.  The Defendants likewise do not refute that Hibernia Corporation Retirement Savings Plan received Mr. Capper's rollover distribution of $6,057.14 on January 12, 2001.  Defendants' have revealed that they have neither generated nor maintained records on Mr. Capper's behalf as related to his enrollment in the Plan, his Plan benefits, and potential investment earnings, all as required under ERISA.

D-16

Considering the facts stated above, Defendants have violated their fiduciary duties owed to Mr. Capper under 29 U.S.C. §1101, *et seq*.  In addition, Defendants have violated their recordkeeping obligations pursuant to 29 U.S.C. § 1059, which required Defendants to maintain records with respect to Mr. Capper sufficient to determine the benefits due or which may become due to Mr. Capper.  Therefore, not only have defendants deprived him of the $6,057.14 in benefits clearly owed to him, Defendants failed to – as directed by Mr. Capper – properly invest such benefits in Hibernia Corporation Class A Common Stock (now Capital One Common Stock), the value of which increases until this day.

D-17

Furthermore, Defendants have, through their acts or omissions, violated the duties owed to Mr. Capper through Louisiana state law, namely Louisiana Civil Code Articles 2315 and 2298, thereby negligently or, in the alternative, intentionally converting Mr. Capper's benefits and investment earnings and unjustly enriching themselves in the process.

D-18

As Capital One Financial Corporation is the sole surviving and successor corporation after its merger and acquisition of Hibernia Corporation, Capital One Financial Corporation and all other named Defendants are responsible for any and all liability incurred by Hibernia Corporation for the acts identified above.

D-19

Mr. Capper's claims against the Defendants for their breaches of fiduciary duty, violation of recordkeeping obligations, and violation of Louisiana state law do not require exhaustion of administrative remedies under the Plan and ERISA, as per the doctrine set forth in *Milofsky v American Airlines, Inc.*, 442 F. 3d 311 (5th Cir. 2006).

D-20

Upon information and belief, which will be confirmed through discovery, Hibernia Corporation (for whom Defendants are now liable) committed fraud by intentionally and knowingly failing to generate records on Mr. Capper's behalf and/or keep such records for his benefits, thus depriving him of benefits and potential investment earnings. Upon further information and belief which will be confirmed through discovery, Hibernia Corporation (for whom Defendants are now liable) undertook steps to conceal these violations and breaches. Specifically, in or around April 2001, Mr. Capper's employment with Hibernia Corporation was

terminated due to Mr. Capper's refusal to renew a revolving line of credit for a company who no longer had the requisite security/collateral for such line of credit.  Later, Mr. Capper learned that a high-ranking Hibernia Corporation employee (who will be named after adequate discovery) was taking kickbacks with regard to this line of credit.  Upon information and belief, Hibernia Corporation purposefully failed to generate and/or maintain records of Mr. Capper's Plan benefits and/or actively concealed such failures due to the circumstances surrounding Mr. Capper's termination at Hibernia Corporation.  Mr. Capper expressly reserves the right to amend this *Complaint* once additional facts are obtained through formal discovery.

## E. CAUSES OF ACTION

### E-1
(Breach of Fiduciary Duty)

Defendants breached their fiduciary duties to Mr. Capper under 29 U.S.C. §1104 and 29 U.S.C. §1132 to generate and/or maintain records of his participation and benefits related to his Hibernia Corporation Retirement Security Plan and, after the merger, his Capital One Financial Corporation Associate Savings Plan.  Defendants' breaches have deprived Mr. Capper of his Plan benefits and potential investment earnings thereunder.  Mr. Capper, therefore, has a private right of action for individualized equitable relief against Defendants under 29 U.S.C. §1132, 29 U.S.C. §1104, and *Varity Corp. v. Howe*, 516 U.S. 489 (1996).

### E-2
(Violation of Recordkeeping Obligations)

Defendants violated their recordkeeping obligations as set forth under 29 U.S.C. § 1059, which required Defendants to keep records sufficient to determine the benefits due to Mr. Capper. Defendants further violated their duty under 29 U.S.C. §1059(a)(1)(B) to make reports to Mr. Capper regarding his benefits.  Defendants have made it abundantly clear that they have

maintained no records of Mr. Capper's participation in Hibernia Corporation Retirement Savings Plan or Capital One Financial Corporation's Associate Savings Plan.  As a result of these violations, Mr. Capper has been deprived of his Plan benefits and potential investments earnings thereunder.  Mr. Capper, therefore, has a private right of action against Defendants under 29 U.S.C. §1132 and 29 U.S.C. §1059.

E-3
(Negligence / Conversion)

Defendants' breached the duties owed to Mr. Capper under Louisiana Civil Code Article 2315 by negligently or, in the alternative, intentionally failing to generate or keep any records of Mr. Capper's participation in Hibernia Corporation Retirement Savings Plan and, thereafter, Capital One Financial Corporation's Associate Savings Plan.  Therefore, Defendants have negligently or, in the alternative, intentionally converted funds owned by and owed to Mr. Capper through his participation as a Plan beneficiary.

E-4
(Unjust Enrichment)

By failing to keep or losing all records of Mr. Capper's participation in Hibernia Corporation Retirement Savings Plan, Defendants have unjustly enrichment themselves at Plaintiff's expense in contravention of Louisiana Civil Code Article 2298.

**F. PLAINTIFF'S ELEMENTS OF DAMAGE**

F-1

As a result of the aforementioned acts of breach of fiduciary duty, violation of recordkeeping obligations, negligent/intentional conversion, and unjust enrichment, Plaintiff, ALOYSIOUS J. CAPPER III, is entitled to the following relief and damages:

1.  Monetary damages for breach of fiduciary duty, including – but not limited to – damages for the deprivation or conversion of plan benefits and the deprivation of his potential investment earnings;

2.  Monetary damages for violation of recordkeeping duties, including – but not limited to – damages for the deprivation or conversion of plan benefits and the deprivation of his potential investment earnings;

3.  Monetary damages for the Defendants' negligent or, in the alternative, intentional and unlawful conversion of property;

4.  Monetary damages for Defendants' unjust enrichment at Plaintiff's expense;

5.  Attorney's fees and costs under 29 U.S.C. §1332(g); and

6.  Civil penalties as contemplated under 29 U.S.C. §1332(l).

7.  Any and all other actual damages to which Plaintiff may show himself just entitled under either federal or Louisiana law.

## G.  RESERVATION OF RIGHTS

### G-1

Plaintiff, **ALOYSIOUS J. CAPPER III**, hereby reserves the right to amend and/or supplement this *Complaint for Damages* as other defendants or causes of action may be made known to the Plaintiff, or if there are any other claims that may arise out of the circumstances giving rise to the cause of action herein.

### G-2

Plaintiff hereby reserves his right to request a trial by jury.

## H. PRAYER FOR RELIEF

**PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer and that, following a trial on the merits, Plaintiff has:

a. Judgment against Defendants for Plaintiff's damages as set forth herein;

b. Exemplary damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

d. Attorney's fees as provided by statute and plead herein;

e. Court Costs under 29 U.S.C. §1332(g);

f. Civil penalties as contemplated under 29 U.S.C. §1332(l).

g. Any other applicable relief contemplated under 29 U.S.C. §1132; and

h. Such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted:

*CLARY | SUBA | NEALE*

*/s/ Casey D. Neale*
James R. Clary, Jr. (LBN 1767)
Christopher S. Suba (LBN 28832)
**Casey D. Neale (LBN 35263)**
406 North Fourth Street
Baton Rouge, Louisiana 70802
Tel: 225.926.6788
Fax: 225.926.8345
*Attorneys for Plaintiff*